# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT F. KENNEDY, JR., ) | |
| ) | Case No. |
| ) | 1:23-cv-00487 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| ) | |
| DAVID VICKREY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1

I.      INTRODUCTION

An argument, according to the Defendant's Reply, is that a defamer is immune from suit as long as he hides his identity and hides his residency. As set forth in Plaintiff's Objection to Defendant's motion, that is precisely what the Supreme Court rejected when it established personal jurisdiction in a suit over defamation knowingly published to a state's residents that caused reputational harm to the plaintiff in the state. The Defendant here does not deny that he knowingly published his article in New Hampshire and knowingly harmed Mr. Kennedy's reputation in New Hampshire. That alone suffices for personal jurisdiction.

Separately, Mr. Kennedy does not seek discovery or amendment as an add-on, as suggested by Defendant's Reply. But if this Court disagrees with Mr. Kennedy's pleadings being jurisdictionally sufficient, discovery and amendment is necessary for Due Process given the Defendant entirely relies on his own self-serving factual claims that are alleged outside the four corners of the pleadings.

II.      MR VICKREY'S DECISION TO POST HIS DEFAMATORY STATEMENT ON THE *DAILY KOS* IS ABSOLUTELY GERMANE TO THE ELEMENTS OF IN PERSONAM JURISDICTION

The Reply contends that Mr. Vickrey's decision to post on the self-professed interactive political activism site, the *Daily Kos*, has no relevance to whether personal jurisdiction over him comports with Due Process. The Reply is most

mistaken. For purposes of the relatedness and purposeful availment elements of Due Process, nothing is more relevant than the medium of publication that Mr. Vickrey chose to make his defamatory statements about Mr. Kennedy on.

The Reply would lead this Court to believe that the online platform that Mr. Vickrey chose has no relevance unless Mr. Vickrey had an ownership, editorial or direct financial interest in the *Daily Kos*. Reply, pg. 1. However, as discussed in Mr. Kennedy's Objection, the only jurisdictional facts relevant in a libel claim such as this one, is the reputational injury in the forum state knowingly caused by the defendant's defamatory statements. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1984); *Calder v. Jones*, 465 U.S. 783, (1984); *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *see generally* Objection, pp. 7-12. Accordingly, the undisputed fact that the *Daily Kos* is a political activist interactive forum (Objection, pp. 3-4); with an average weekday traffic of hundreds of thousands of participants (Objection, pg. 4); receiving over a half a million in political campaign donations (Objection, pg. 4); and directly fundraises for and supports the campaigns of New Hampshire politicians that the site chooses to favor (Objection pp. 4-5) – renders the "reputation-based 'effects'" jurisdictional test for libelous statements set forth in *Calder* and *Walden* satisfied.[1]

---

[1] Of note, Defendant's Reply disingenuously claims that: "Mr. Vickrey's blog post did nothing more than link to a German article concerning Plaintiff's appearance at an event in Germany." Reply, pg. 8. That is provably false, as revealed by Exhibit

3

## III. DEFENDANT'S SELF-SERVING FACTUAL REBUTTALS ARE INSUFFICIENT TO CONTROVERT MR. KENNEDY'S PRIMA FACIE SHOWING OF PERSONAL JURISDICTION

As discussed in detail in Mr. Kennedy's Objection, a plaintiff need only make a prima facie showing that in personam jurisdiction exists, where the court rules in the absence of an evidentiary hearing. *See* Objection, at pp. 17-18 [citing *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, (1st Cir. 1995) 46 F.3d 138, 145]. As further discussed in the Objection, under that standard any factual conflicts must be resolved in plaintiff's favor. Objection, pg. 18 [citing *Nandjou v. Marriott Int'l, Inc.,* 985 F.3d 135, 147 (1st Cir. 2021)].

Here, the combination of Mr. Kennedy's pleadings and judicially noticeable facts set forth in his Objection, satisfies the requisite prima facie standard for in personam jurisdiction over the Defendant. In sum, Mr. Vickrey chose a political activist interactive platform to harm Mr. Kennedy's reputation in New Hampshire, a state where the first Presidential primaries would be held. *See* Objection, pp. 3-7. Further, as to the jurisdictional facts that Mr. Kennedy requests this Court to take judicial notice of under FRE Rule 201(b), Mr. Vickrey's Reply doesn't challenge

---

1 in support of the Declaration Of David Vickrey in support of his Motion to Dismiss (ECF No. 5-2). The title of Mr. Vickrey's defamatory post was, in relevant part: "... RFK JR. joins neo-Nazis in massive Berlin 'Anti-Corona' Protest …". Further, the post goes on to state: "The protest was organized by right-wing extremist organizations - including the AfD party and various anti-Semitic conspiracy groups as well as the neo-Nazi NPD party. … Among the speakers was Robert F. Kennedy Jr."

that any of the internet-based information in Mr. Kennedy's Objection is untrue, inaccurate or subject to reasonable dispute. Rather, the Reply contends that none of that information is judicially noticeable because it is not "supported by affidavit or declaration". Reply, pg. 5. But that is not the requisite standard. The proper standard is whether, as set forth by FRE Rule 201(b), the judicially noticed fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned". *See, e.g. Piper v. Talbots, Inc.,* F.Supp.3d 339, 343 (D. Mass. 2020) [judicial notice of printout from defendant's website proper, where the printouts emanated from websites that were publicly accessible and not reasonably disputed by the party challenging judicial notice (citing *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 20 (1st Cir. 2003))]; *Doron Precision Systems, Inc. v. FACC, Inc.,* 423 F.Supp.2d 173 (S.D.N.Y. 2006) [court may take judicial notice of information publicly announced on party's website, as long as website's authenticity is not in dispute and it is capable of accurate and ready determination].[2]

On the other hand, by the Reply's own admission, the only support for this Court lacking personal jurisdiction over the Defendant is Mr. Vickrey's self-

---

[2] To the extent this Court determines that any of the judicially noticed jurisdictional facts set forth in Mr. Kennedy's Objection are subject to reasonable dispute, all the more reason for an evidentiary hearing following jurisdictional discovery to be ordered. Mr. Kennedy requests such relief in his Objection (at pp. 13-17), as well as by way of separately and concurrently filed motion for that relief.

5

serving declarations themselves: "Mr. Vickrey further submits that any such amendment of the Complaint would be futile and cannot defeat the overwhelming ***sworn evidence set forth by Mr. Vickrey*** that the Court lacks personal jurisdiction over Mr. Vickrey." (emphasis added) Reply, pg. 10. A self-serving declaration by the moving defendant however, is simply not enough to deny a court personal jurisdiction. *See* Objection, pp. 17-23. Consequently, Mr. Vickrey's "sworn evidence" that he has no professional contacts with New Hampshire (Reply, pp. 2-3); was unaware of Mr. Kennedy's presidential campaign until after his defamatory statements were made (Reply, pp. 3-5); and didn't intend to harm Mr. Kennedy's reputation in the State of New Hampshire – are insufficient to defeat the prima facie showing of personal jurisdiction set forth in Mr. Kennedy's pleadings and Objection.

## IV. <u>CONCLUSION</u>

For the reasons discussed above and in Mr. Kennedy's Objection, this Court should defer ruling on Defendant's Motion To Dismiss and order an evidentiary hearing pending reasonable jurisdictional discovery. Alternatively, this Court should deny Defendant's motion on the merits. Alternatively, this Court should grant Plaintiff leave to amend regarding the jurisdictional matters alleged in his pleadings.

DATED: December 11, 2023        Respectfully submitted,
                                Robert F. Kennedy, Jr.

                                /s/ Robert E. Barnes
                                Robert E. Barnes, Esq. (*pro hac vice*)
                                BARNES LAW
                                700 South Flower Street, Suite 1000
                                Los Angeles, CA 90017
                                (310) 510-6211 (tel)
                                robertbarnes@barneslawllp.com

                                /s/ Jason M. Sullivan
                                Jason M. Sullivan
                                Law Office of Jason M. Sullivan, PLLC
                                One New Hampshire Avenue
                                Suite 125
                                Portsmouth, NH 03801
                                (603) 433-1325 (tel)
                                (603) 436-7388 (fax)
                                jsullivan@lojms.com
                                NH Bar No: 14360

                                *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, ROBERT E. BARNES, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of this document(s) filed through the ECF system sent electronically to the registered

participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below:

Brian Andrew Suslak
Morrison Mahoney LLP
650 Elm St, Ste 201
Manchester, NH 03101
603-622-3400
Email: bsuslak@morrisonmahoney.com

Jason M. Sullivan
Law Office of Jason M. Sullivan, PLLC
One New Hampshire Avenue
Suite 125
Portsmouth, NH 03801
(603) 433-1325 (tel)
(603) 436-7388 (fax)
jsullivan@lojms.com

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2023.

                                          /s/ Robert E. Barnes
                                          ROBERT E. BARNES