UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

ROBERT F. KENNEDY, JR.,

Plaintiff,

v.

DAVID VICKREY,

Defendant.

Docket No. 1:23-cv-00487

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING ON IN PERSONAM JURISDICTION OVER DEFENDANT PENDING JURISDICTIONAL DISCOVERY**

Pursuant to L.R. 7.1(b), Defendant, David Vickrey, by and through his attorneys, Morrison Mahoney LLP, submits the following Objection to Plaintiff's Motion for Evidentiary Hearing on In Personam Jurisdiction over Defendant Pending Jurisdictional Discovery (hereinafter "Motion for Jurisdictional Discovery"), filed on December 11, 2023. At the outset, Mr. Vickrey reminds the Court that this is a libel lawsuit that Plaintiff has filed in the State of New Hampshire for no reason other than to take advantage of New Hampshire's three year statute of limitations for defamation lawsuits.[1] Neither Plaintiff nor Mr. Vickrey have any connection to New Hampshire, neither party resides in New Hampshire, and the allegedly defamatory online blog post at issue in this lawsuit concerns an appearance by Plaintiff at an event in Germany. On these grounds, Mr. Vickrey has moved to dismiss this lawsuit. Recognizing the complete lack of connections between Mr. Vickrey and this forum, Plaintiff now attempts to further delay the inevitable dismissal of this

1 As discussed in Mr. Vickrey's Motion to Dismiss, Plaintiff initially threatened to file suit against Mr. Vickrey in New York before filing suit in New Hampshire. See Declaration of David Vickrey, Ex. A to Motion to Dismiss, ¶ 15. However, New York has a one year statute of limitations for civil defamation claims from the date of publication. This presumably led Plaintiff to forum shop for more favorable jurisdictions, ultimately electing to file suit in New Hampshire.

lawsuit by moving for jurisdictional discovery. For the reasons outlined below, jurisdictional discovery is not appropriate in this case, and the Court should exercise its discretion, deny Plaintiff's motion, and grant Mr. Vickrey's Motion to Dismiss.

As grounds for this Objection, Mr. Vickrey states that Plaintiff has failed to advance a colorable case of specific personal jurisdiction over Mr. Vickrey in New Hampshire, such that any jurisdictional discovery may be permitted. Furthermore, Plaintiff's motion fails to provide a detailed description of the additional pertinent avenues of inquiry that Plaintiff hopes to pursue to establish personal jurisdiction over Mr. Vickrey in New Hampshire. Finally, the Court should deny Plaintiff's motion because he once again has failed to comply with L.R. 7.1, this time by filing a motion in excess of the permitted page limit for a non-dispositive motion without seeking leave of court. For all of these reasons, the Court should deny Plaintiff's Motion for Jurisdictional Discovery.

## I. BACKGROUND

On August 28, 2023, Plaintiff filed suit against Mr. Vickrey in Rockingham County Superior Court. Mr. Vickrey, who is a resident of Maine, removed the lawsuit to this Court. On November 1, 2023, Mr. Vickrey filed his Motion to Dismiss. On November 29, 2023, Plaintiff filed his Opposition to Mr. Vickrey's Motion to Dismiss. Plaintiff's Memorandum of Law in support of his Opposition to Mr. Vickrey's Motion to Dismiss failed to comply with Local Rule 7.1(a)(1) insofar as it both opposed Mr. Vickrey's Motion on the merits (see Plaintiff's Opposition to Motion to Dismiss, p. 17-23) and sought, as alternative forms of relief, either jurisdictional discovery (see Plaintiff's Opposition to Motion to Dismiss, p. 13-17) or leave to file an Amended Complaint (see Plaintiff's Opposition to Motion to Dismiss, p. 23-24). See L.R. 7.1(a)(1) ("Objections to pending motions and affirmative motions for relief shall not be combined in one

filing.") On December 11, 2023, Plaintiff filed a Surreply to Mr. Vickrey's Reply to Plaintiff's Opposition to Mr. Vickrey's Motion to Dismiss.

On December 11, 2023, after fully briefing Mr. Vickrey's Motion to Dismiss, Plaintiff filed his Motion for Jurisdictional Discovery. Plaintiff's Motion for Jurisdictional Discovery consists of 17 pages of factual and procedural background, legal standards, and argument, exceeding the 15 pages permitted by L.R. 7.1(a)(3) for a non-dispositive motion.

## II. STANDARD OF REVIEW

Under New Hampshire law, "a diligent plaintiff who sues an out-of-state [defendant] and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Giguere v. Kleenline Corp., 2014 WL 12795560, at *2 (D.N.H. 2014) (quoting Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir. 2007)). "It is within the trial court's discretion whether or not to grant a plaintiff's motion for jurisdictional discovery." Nordica USA Corp. v. Ole Sorensen, 475 F.Supp.2d 128, 134 (D.N.H. 2007). In Nordica, this Court described its discretionary power and the factors it considers in ruling on a motion for jurisdictional discovery:

> The motion must be timely and properly supported, must proffer a colorable claim for jurisdiction, and must present facts to the court which show why jurisdiction would be found if discovery were permitted . . . Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any additional pertinent avenues of inquiry that they hope to pursue. Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to the request.

Id. (internal citations and quotations omitted). "Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any additional pertinent avenues of inquiry that they hope to pursue." D'Jamoos v. Atlas Aircraft Center, Inc., 2008 WL 5083798, at *1 (D.N.H. 2008) (internal citations and quotations omitted). "Failure to allege specific contacts,

relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626-27 (1st Cir. 2001). Furthermore, "even when a plaintiff has been diligent and has properly supported a colorable claim for jurisdiction, the district court may still conclude that discovery is not required and be within its discretion in denying the request." Id. (internal citations omitted).

## III. ARGUMENT

### A. Plaintiff's Motion for Jurisdictional Discovery Must be Denied Because Plaintiff Has Failed to Make out a Colorable Case for In Personam Jurisdiction

The Court must deny Plaintiff's Motion for Jurisdictional Discovery because Plaintiff has failed to advance a colorable case for specific personal jurisdiction over Mr. Vickrey in the State of New Hampshire. As discussed more fully in Mr. Vickrey's Motion to Dismiss and Reply to Plaintiff's Opposition to Mr. Vickrey's Motion to Dismiss, Plaintiff has, in essence, argued that Mr. Vickrey somehow had the foresight to post an article in August 2020 that solely concerned Plaintiff's attendance at an event in Germany with the intention of negatively affecting—in New Hampshire—a presidential campaign that Plaintiff would not announce for nearly three years following the publication of the blog post. The ludicrousness of the premise of Plaintiff's lawsuit against Mr. Vickrey should be sufficient for the Court to dismiss the suit with no further analysis, but Mr. Vickrey briefly addresses the manner in which Plaintiff has failed to make out a colorable case for specific personal jurisdiction.[2]

#### 1. Mr. Vickrey Lacks Any Contacts with the State of New Hampshire

Plaintiff cannot satisfy the relatedness prong of the tri-partite test for personal jurisdiction because Plaintiff has failed to set forth any credible allegations concerning Mr. Vickrey's

[2] Mr. Vickrey incorporates by reference the arguments made in his Motion to Dismiss and Reply to Plaintiff's Opposition to Motion to Dismiss.

connection to New Hampshire such that jurisdictional discovery would be warranted. Plaintiff initially alleged, without evidence or support, that Mr. Vickrey published the allegedly defamatory blog post in New Hampshire. Via sworn declaration, Mr. Vickrey rebutted this point (see Declaration of David Vickrey, Ex. A to Motion to Dismiss, ¶¶ 2 and 9), and Plaintiff has provided no response to this sworn declaration except to call Mr. Vickrey's declaration self-serving and unreliable.

With that argument rebutted, Plaintiff instead argued that Mr. Vickrey's former association with a company that happens to have an office in New Hampshire subjects him to personal jurisdiction in New Hampshire. As noted in Mr. Vickrey's supplemental declaration, however, Mr. Vickrey has not worked for this company for over 15 years. (See Supplemental Declaration of David Vickrey, Ex. A to Reply to Plaintiff's Opposition to Motion to Dismiss, ¶¶ 9-12.) Mr. Vickrey further has declared under oath that he is a registered representative and per FINRA regulations is not licensed to conduct business in New Hampshire. (See Supplemental Declaration of David Vickrey, Ex. A to Reply to Plaintiff's Opposition to Motion to Dismiss, ¶¶ 18-22.) Thus, Plaintiff's business-related arguments are completely without merit.

Plaintiff also has argued that the political activities undertaken by *Daily Kos* in the State of New Hampshire somehow subject Mr. Vickrey to personal jurisdiction in New Hampshire. Once again, Mr. Vickrey has provided a sworn statement declaring that he has no control over the activities of *Daily Kos* outside of his articles and that he has never been involved in any political campaigns organized or funded by *Daily Kos*. (See Supplemental Declaration of David Vickrey, Ex. A to Reply to Plaintiff's Opposition to Motion to Dismiss, ¶¶ 7-8.) Plaintiff once again has no response to Mr. Vickrey's sworn statement except to say he does not believe it.

As discussed more fully in Mr. Vickrey's previously filed Motion to Dismiss and Reply, Mr. Vickrey is a resident of Maine and posted the allegedly defamatory article from his home in Maine. He did not visit New Hampshire as part of writing the allegedly defamatory article, nor speak with any residents of New Hampshire. He has never lived in New Hampshire and owns no property in New Hampshire. Plaintiff has failed completely to show any remote possibility of a connection between Mr. Vickrey and New Hampshire that would subject Mr. Vickrey to personal jurisdiction in this state. Accordingly, Plaintiff has failed to satisfy the relatedness prong.

**2. Mr. Vickrey Has Not Purposely Availed Himself of New Hampshire Law**

Plaintiff has failed to make a colorable case that Mr. Vickrey's posting of the alleged defamatory blog post constituted the purposeful availment of the benefits and protections afforded by New Hampshire's laws. As discussed more fully in Mr. Vickrey's Motion to Dismiss, in order to establish purposeful availment under Calder, Plaintiff must show that (1) he felt the injurious effects of Mr. Vickrey's alleged tortious act in New Hampshire and (2) that Mr. Vickrey's act was calculated to cause injury to Plaintiff in New Hampshire. Farquharson v. Metz, 2013 WL 3968018, at *2 (D. Mass. 2013) (quoting Swiss Am. Bank, 274 F.3d at 632-33 (Lipez, J., dissenting)).

As to the first element, Plaintiff has failed completely to present a colorable case that Mr. Vickrey targeted New Hampshire with his blog post. The blog post did nothing more than briefly describe Plaintiff's appearance at an event in Berlin and link to a German article regarding the event. The blog post makes no direct or indirect reference to New Hampshire or New Hampshire residents. As noted above, Mr. Vickrey did not speak with or otherwise consult with any sources in New Hampshire as part of his preparation and posting of the blog post. Plaintiff has argued, with zero support, that Mr. Vickrey somehow sought to undermine Plaintiff's presidential campaign by publishing the blog post, but it must be reiterated that Mr. Vickrey published the blog

post nearly three years before Plaintiff announced his presidential campaign. Accordingly, it would have been impossible for Mr. Vickrey in 2020 to target a non-existent presidential campaign in New Hampshire that Plaintiff would not announce for nearly another three years. Considering all of these factors, it is clear that neither Plaintiff nor the blog post has even the most remote of connections with New Hampshire.

As to the second element, that Mr. Vickrey's act was calculated to injure Plaintiff in New Hampshire, Plaintiff likewise has failed make a colorable case regarding this claim. From reviewing the blog post, which Mr. Vickrey has included as an exhibit to his Motion to Dismiss, there is no indication that New Hampshire citizens were the intended recipients of Mr. Vickrey's blog post. The blog post discussed an appearance by Plaintiff in Germany and in no way discussed or concerned New Hampshire. There likewise were no New Hampshire-related advertisements. These factors all suggest the lack of purposeful contact with New Hampshire based upon the posting of the blog.

In sum, Plaintiff has failed completely to present a colorable case of purposeful availment of the laws of New Hampshire by Mr. Vickrey. Accordingly, the Court should deny Plaintiff's Motion for Jurisdictional Discovery.

### B. The Cases Cited by Plaintiff Do Not Support his Request for Jurisdictional Discovery

Several pages of Plaintiff's Motion for Jurisdictional Discovery are dedicated to citing case law from across the country, which Plaintiff presumably has included because he believes it supports his request for jurisdictional discovery in this case. Review of this authority, however, shows that none of the cases cited by Plaintiff support his contention that this Court may exercise personal jurisdiction over Mr. Vickrey based upon a website posting in which both Plaintiff and Defendant are non-residents of the forum state.

For example, Plaintiff cites to McBee v. Delica Co., Ltd., 417 F.3d 107 (1st Cir. 2005) in support of his contention that an "interactive website" like *Daily Kos* may be sufficient to subject an individual to personal jurisdiction in a particular state. McBee concerned a Maine resident seeking extraterritorial application of the Lanham Act due to alleged false endorsement and trademark dilution. As part of its analysis, the First Circuit addressed "concerns driving personal jurisdiction" based on the existence of a website accessible in the forum, noting as follows:

> The mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible, as well, given the omnipresence jurisdiction to be premised on such a contact alone would "eviscerate" the limits on a state's jurisdiction over out-of-state or foreign defendants.

Id. at 124 (quoting Jennnings v. AC Hydraulics A/S, 383 F.3d 546, 549 (7th Cir. 200)). This analysis does not support Plaintiff's claims concerning this Court's alleged jurisdiction over Mr. Vickrey, and, in any event, the website at issue in this case, *Daily Kos*, is owned and hosted by Kos Medica LLC, which is located in Berkeley, California, and not Mr. Vickrey.

In Walden v. Fiore, 571 U.S. 277 (2014), which Plaintiff also cites in support of his argument for jurisdictional discovery, the United States Supreme Court declared that "[f]irst, the relationship must arise out of contacts that the 'defendant himself' creates with the forum state." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This principle confirms that the appropriate scrutiny in the instant case should be confined to the contacts that Mr. Vickrey—and not *Daily Kos*—created in New Hampshire. The Walden court proceeded to invoke Calder, noting that "Calder made it clear that mere injury to a forum resident is not a sufficient connection to the forum . . . . The proper question is not where a plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id. at 278. In sum, this case does not support Plaintiff's argument concerning personal jurisdiction over Mr. Vickrey, nor Plaintiff's request for jurisdictional discovery.

Internet Solutions Corp. v. Marshall, 39 So.3d 1201 (Fla. 2010) is a defamation lawsuit in which jurisdiction turned on the domicile of the plaintiff: "the . . . certified question asks this Court whether a nonresident commits a tortious act within Florida . . . when he or she makes the allegedly defamatory statements about a company with its principal place of business in Florida by posting those statements on a website . . . ." Id. The Florida Supreme Court concluded that "posting allegedly defamatory material about a Florida company that was accessible in Florida constitutes committing a tortious act within Florida . . . ." Id. at 1215 (emphasis added). The court's analysis repeatedly discusses the fact that the party allegedly defamed resided in Florida. Here, neither party to this dispute resides in New Hampshire, so Marshall does not support Plaintiff's argument concerning the exercise of jurisdiction over Mr. Vickrey in New Hampshire.

Finally, Plaintiff once again includes his analysis of the Helali and deLaire decisions. Mr. Vickrey discussed these cases in great detail in his Reply to Plaintiff's Opposition to Mr. Vickrey's Motion to Dismiss. As noted in his Reply, Mr. Vickrey welcomes the Court's consideration and application of Helali and deLaire to the instant case, as the defendants' conduct in those cases is in sharp contrast to what occurred in this case. Unlike the defendant in Helali, Mr. Vickrey did not speak with or consult anyone located in New Hampshire as part of preparing his blog post. Unlike the defendant in deLaire, Mr. Vickrey never traveled to New Hampshire for any reason associated with his blog post. Mr. Vickrey published a blog from his home in Maine that did not reference New Hampshire in any way. He did not take any of the affirmative steps undertaken by the defendants in Helali and deLaire when they allegedly defamed the plaintiffs in their respective lawsuits. Accordingly, these cases confirm that jurisdiction is lacking here.

**C. Plaintiff Has Failed to Provide a Detailed Description of the Additional Pertinent Avenues of Inquiry that Plaintiff Hopes to Pursue in Order to Establish Personal Jurisdiction over Mr. Vickrey in New Hampshire**

Even if the Court were to find that Plaintiff has presented a colorable case of in personam jurisdiction over Mr. Vickrey—which he has not—it should still deny Plaintiff's Motion for Jurisdictional Discovery because Plaintiff has failed to provide a detailed description of the discovery Plaintiff intends to take to establish personal jurisdiction over Mr. Vickrey in New Hampshire. As noted above, in order for the Court to grant Plaintiff's request for jurisdictional discovery, Plaintiff initially has an "obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." Swiss Am. Bank, 274 F.3d at 626. To accomplish this, a plaintiff mist "specify the type of evidence they think they will find." D'Jamoos, 2008 WL 5083798, at *1. Furthermore, a plaintiff must provide the Court with "a detailed description of the additional pertinent avenues of inquiry that they hope . . . to pursue." Swiss Am. Bank, 273 F.3d at 626 (internal citations and quotations omitted). Here, Plaintiff has failed to meet this standard. Instead, Plaintiff has provided the Court with five very broad areas into which he desires to conduct discovery. Plaintiff has failed completely to identify the types of documents he would request, the interrogatories he would ask, and the deposition testimony that he would attempt to solicit. Further, he fails to elaborate on what type of evidence he believes exists to show the alleged motivation of Mr. Vickrey's alleged conduct. Plaintiff's request, like the request that this Court denied in Nordica, amounts to "little more than a fishing expedition" and must be denied.

**D. Plaintiff Once Again Has Failed to Comply with Local Rule 7.1**

Mr. Vickrey finally notes that Plaintiff once again has failed to comply with Local Rule 7.1. Plaintiff previously violated Local Rule 7.1(a)(1) when he objected to Mr. Vickrey's Motion to Dismiss on the merits and, in the same filing, proposed alternative avenues of relief in the form

of jurisdictional discovery or leave to file an Amended Complaint. After fully briefing Mr. Vickrey's Motion to Dismiss, including filing an Opposition and Surreply, Plaintiff filed his Motion for Jurisdictional Discovery, which consists of 17 pages of factual and procedural background, legal standards, and argument. This exceeds the 15 page maximum permitted for non-dispositive motions, absent leave of court, per Local Rule 7.1(a)(3). Because Plaintiff once again has failed to comply with Local Rule 7.1, the Court should disregard his motion.

## IV. CONCLUSION

The record before the Court both in the instant Objection to Plaintiff's Motion for Jurisdictional Discovery, as well as in Mr. Vickrey's previously-filed Motion to Dismiss, establishes without question that Mr. Vickrey is not subject to personal jurisdiction in New Hampshire. Mr. Vickrey has, for months, dealt with a barrage of threats, demands, and a stream of mistruths from Plaintiff concerning Mr. Vickrey's personal and professional activities and reputation. Mr. Vickrey implores this Court to deny Plaintiff's Motion for Jurisdictional Discovery and grant Mr. Vickrey's Motion to Dismiss.

Respectfully submitted,

DAVID VICKREY

By His Attorneys,

MORRISON MAHONEY LLP

December 19, 2023

By /s/ *Brian A. Suslak*

Brian A. Suslak, #269917
bsuslak@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 19, 2023.

*/s/ Brian A. Suslak*
Brian A. Suslak, #269917