UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

    Plaintiff,

v.

DAVID VICKREY,

    Defendant.

Docket No. 1:23-cv-00487

---

### DEFENDANT'S MOTION TO STRIKE
### NOTICE OF APPEAL

Pursuant to Local Rule 7.2(b) and Fed. R. Civ. P. 12(f), Defendant, David Vickrey, by and through his attorneys, Morrison Mahoney LLP, hereby moves to strike the Notice of Appeal filed by Plaintiff, Robert F. Kennedy, Jr., on February 22, 2024, as untimely and not in compliance with Fed. R. Civ. P. 4(a)(1)(A) and Local Rule 6.1.  As grounds for this Motion, Mr. Vickrey states as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

1. On January 22, 2024, this Court issued an Order granting Mr. Vickrey's Motion to Dismiss and dismissed Plaintiff's Complaint.  (Docket # 22).

2. On the same date, this Court entered judgment in favor of Mr. Vickrey.  (Docket # 23.)

3. Pursuant to Fed. R. Civ. P. 4(a)(1)(A), Plaintiff was required to appeal the Court's granting of Mr. Vickrey's Motion to Dismiss within 30 days after the entry of judgment in favor of Mr. Vickrey.

103411361

4.     Thirty days elapsed after the entry of the Order granting Mr. Vickrey's Motion to Dismiss and Plaintiff failed to file a notice of appeal.

5.     On February 22, 2024, <u>31</u> days after the Court issued its Order granting Mr. Vickrey's Motion to Dismiss, Plaintiff filed his Notice of Appeal.

## II. <u>STANDARD OF REVIEW</u>

### A. TIMELINESS OF FILING

Fed. R. Civ. P. 4(a)(1)(A) provides that "[i]n a civil case . . . the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after the entry of judgment or order appealed from." Pursuant to Local Rule 6.1, "[t]he last day for documents submitted using the 24-hour depository shall end at midnight <u>local time</u> unless a different time is established by court order." L.R. 6.1. First Circuit Local Rule 25(d)(3) similarly provides that "[w]hen a document has been filed electronically, the official record is the electronic document stored by the court. Except in the case of documents first filed in paper form and subsequently submitted electronically, an electronically filed document is deemed filed at the date and time stated on the Notice of Docket Activity from the court. Unless otherwise required by statute, rule, or court order, filing must be completed by midnight in the time zone of the circuit clerk's office in Boston to be considered timely filed that day." Fed. R. Civ. P. 6(a)(4) defines "last day," for the purposes of electronic filing, as "midnight in the court's time zone."

### B. AUTHORITY OF DISTRICT COURT TO STRIKE NOTICE OF APPEAL

While the filing of a notice of a notice of appeal traditionally divests the district court of control over the aspects of the case involved in the appeal, "an untimely, impermissible or frivolous appeal does not vest jurisdiction in the court of appeals." <u>U.S. v. Ferris</u>, 751 F.2d 436, 440 (1st Cir. 1984).

## III. **ARGUMENT**

The Court should strike Plaintiff's Notice of Appeal because Plaintiff failed to file the Notice within the 30 days permitted by Fed. R. Civ. P. 4(a)(1)(A). As noted above, the Court entered judgment in favor of Mr. Vickrey on January 22, 2024. Per Rule 4(a)(1)(A), Plaintiff was required to file his Notice of Appeal by February 21, 2024. Plaintiff failed, however, to file his Notice of Appeal within this time, and instead filed it on February 22, 2024, 31 days after the entry of judgment in favor of Mr. Vickrey. Thus, Plaintiff's Notice of Appeal is untimely and should be stricken.

Mr. Vickrey anticipates that Plaintiff will argue that his Notice of Appeal timely was filed by his attorney, who Mr. Vickrey understands resides and works in California, in the time zone from which Plaintiff's counsel was working, presumably the pacific time zone. Per the ECF filing notice received by Mr. Vickrey, Plaintiff filed his Notice of Appeal at 2:32 AM ET on February 22, 2024. Assuming Plaintiff's counsel filed the Notice of Appeal from California or elsewhere in the pacific time zone, the Notice of Appeal would have been filed at 11:32 PM PT on February 21, 2024. Fed. R. Civ. P. 6(a)(4)(A), Local Rule 6.1 and First Circuit Local Rule 25(d)(3) make clear, however, that in electronically filing against a deadline, the time that controls is the local time of the applicable district court, not the time zone from which the party files. In other words, Plaintiff needed to file his Notice of Appeal by midnight eastern on February 21, 2024, not by midnight pacific. The record before the Court shows that Plaintiff clearly was aware of this rule, and the fact that he needed to file by midnight eastern, as he previously has filed substantive objections just before the midnight deadline. See Plaintiff's Objection to Motion to Dismiss, filed on 11/29/23 at 11:32 PM ET. Thus, the fact that Plaintiff's filing may have been timely in the

pacific time zone is of no consequence, when the instant case currently is pending in the eastern time zone.[1]  Accordingly, the Court must strike the appeal as untimely.

## IV.  **CONCLUSION**

For the reasons outlined above, the Court should strike Plaintiff's Notice of Appeal as untimely and not in compliance with Fed. R. Civ. P. 4(a)(1)(A) and Local Rule 6.1.

Respectfully submitted,

DAVID VICKREY

By His Attorneys,

MORRISON MAHONEY LLP

February 22, 2024			By	/s/ *Brian A. Suslak*
					Brian A. Suslak, #269917
					bsuslak@morrisonmahoney.com
					Center of New Hampshire Office Tower
					650 Elm Street, Suite 201
					Manchester, NH 03101
					Phone:  603-622-3400
					Fax:     603-622-3466

---

[1] While Mr. Vickrey understands that counsel for Plaintiff, Attorney Barnes, is not admitted to practice law in the State of New Hampshire and may be unfamiliar with the applicable Local Rules, by moving for admission *pro hac vice* in this case, Attorney Barnes agreed that he would familiarize himself with the applicable rules and practice in accordance with said rules.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2024.

                                      */s/ Brian A. Suslak*
                                      Brian A. Suslak, #269917