# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT F. KENNEDY, JR., | ) |
| | ) Case No. |
| | ) 1:23-cv-00487 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID VICKREY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL OF THIS COURT'S FINAL <u>JUDGMENT</u>

///

///

## I.   FACTS AND PROCEDURAL BACKGROUND

On October 31, 2023, this action commenced in this Court by way of Defendant's removal of a civil action filed by Plaintiff in the Superior Court of the State of New Hampshire, Rockingham County (D.E. 1)[1]. On November 1, 2023, Defendant filed a motion to dismiss pursuant to FRCP Rule 12(b)(2) on the grounds this Court lacked in personam jurisdiction over him (the "Motion To Dismiss"). (D.E. 4 and 5) Plaintiff filed an objection to Defendant's Motion to Dismiss, as well as his own Motion For Evidentiary Hearing On In Personam Jurisdiction Over Defendant Pending Jurisdictional Discovery (the "Motion re: Jurisdiction"). (D.E. 12, 13 and 19)

On January 22, 2024, this Court entered an order granting Defendant's Motion to Dismiss, and denying Plaintiff's Motion re: Jurisdiction (hereinafter the "Judgment"). (D.E. 21 and 22) On February 22, 2024 at 2:32 a.m. eastern time (February 21, 2024 at 11:32 p.m. pacific time), Plaintiff filed a Notice of Appeal of the Judgment (the "Notice of Appeal). (D.E. 23) Plaintiff's counsel neglected to consult the applicable local rules regarding the last day for documents submitted electronically, and thereby mistakenly believed the deadline was midnight on the

---

[1] "D.E." refers herein to the docket entries of this Court in this action.

last day (February 21, 2024) irrespective of the time zone of the filer. Declaration of Robert E. Barnes ("Decl. Barnes"), attached to this motion, at ¶¶ 2 and 3.[2]

On February 22, 2024, Defendant filed a motion to strike the Notice of Appeal as untimely. (D.E. 26) Plaintiff's opposition to said motion to strike is filed concurrently with this motion.

## II.    ARGUMENT

FRAP[3] Rule 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal if:

> "¶(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and ¶(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

FRAP Rule 4(a)(5)(B) provides in relevant part: "If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules." Finally, FRAP Rule 4(a)(5)(C) provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

---

[2] Mr. Barnes' filing location was on the west coast in the pacific standard time zone. *See* Decl. Barnes, at ¶ 3.

[3] "FRAP" refers herein to the Federal Rules of Appellate Procedure.

"Excusable neglect" for purposes of a FRAP 4(a)(5) time extension is evaluated under the same flexible standard adopted by the Supreme Court in a case construing "excusable neglect" in the context of the federal bankruptcy rules concerning late filings. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 387, fn. 3 (1993) ("*Pioneer*"). In *Pioneer*, the Court clarified that whether a party's neglect is "excusable" calls for an equitable determination, taking into account: (i) the risk of prejudice to the nonmoving party; (ii) the length of the delay and its potential effect on judicial proceedings; (iii) the reason for the delay; and (iv) whether the moving party acted in good faith. *Id.,* 507 U.S. at 395-396.

First Circuit cases have applied *Pioneer*'s equitable elements to determining whether excusable neglect in the context of late filings has been shown, ever since the Supreme Court issued that decision. Thus in *Virella-Nieves v. Briggs & Stratton Corp.,* 53 F.3d 451, 454, fn. 3 (1st Cir. 1995), the court concluded that:

> "*Pioneer*'s exposition of excusable neglect, though made in the context of late bankruptcy filings, applies equally to Fed. R.App. P. 4(a)(5) … the *Pioneer* Court specifically cited conflict among the circuits in interpreting excusable neglect in Rule 4(a)(5) as a reason for granting certiorari. (citation omitted)."

Similarly, in *Pratt v. Philbrook,* 109 F.3d 18 (1st Cir. 1997) ("*Pratt*"), the First Circuit vacated the District Court's denial of plaintiff's motion to have the action's dismissal vacated and case reopened, despite missing the filing deadlines

4

for those motions and moving the court to extend them to deem the motions timely. In reversing the District Court below, the *Pratt* court held that plaintiff's motion to extend the time to file the subject motions did not indicate that there was any "cognizable prejudice", the delay was not "particularly extended" and there did not appear to be a lack of good faith on the party of the party moving for the deadline extension. *Id.,* at 22. The *Pratt* court concluded that said factors satisfied the Supreme Court's standard in *Pioneer*, which: "adopted a forgiving attitude toward instances of 'excusable neglect,' a term *Pioneer* suggests will be given a broad reading.". *Id.,* at 22.

 Where the issue is specifically whether the FRAP 4(a)(5) standard is satisfied in the context of late filings, the courts have granted notice of appeal extensions under circumstances less excusable than the ones presented here. For example, in *Daggett v. York County,* 2021 WL 1792068 (D. Maine, May 5, 2021), the court granted the litigant's motion to extend the time to file a notice of appeal due to the party's attorney's excusable neglect under FRAP Rule 4(a)(5)(A). In so holding, the *Daggett* court found because the untimely notice of appeal was filed four days late, there was no cognizable prejudice to the opposing party and the length of delay was minimal. *Id.,* at *3. The *Daggett* court also found that the reasons for the delay were excusable because the moving party's attorney had by

5

her own admission, waited nearly a month after entering her appearance to obtain her client's file and review the record for impending deadlines. *Id.,* at *3-*4.

Similarly, in *Pincay v. Andrews,* 389 F.3d 853, 859-860 (9th Cir. 2004) the court affirmed a district court's decision to grant a FRAP 4(a)(5) time extension based on the *Pioneer* factors even though the error was found to be "egregious" because the attorney delegated the calendaring of an appeal due date to a paralegal, who misread the governing Rule and in turn miscalendared the deadline. *See also Scarpa v. Murphy,* 782 F.2d 300 (1st Cir. 1986) [good cause to extend time to file notice of appeal found where notice of appeal not timely due to mistake in postal delivery].

Similarly, this Court should order the time for Plaintiff to file a notice of appeal of the Judgment extended, because the standard under FRAP Rule 4(a)(5) is satisfied. First, there is no cognizable prejudice to Defendant in Plaintiff filing a notice of appeal of the Judgment as requested in this motion, on March 22, 2024 or 14 days after the date this Court grants the within motion. That this element is satisfied is self-evident, in that Plaintiff's original Notice of Appeal was filed two hours and thirty-two minutes after the electronic filing deadline.

Second, the length of the requested delay is minimal, and will not disrupt judicial proceedings. Among other reasons, the within motion is being filed fifteen (15) calendar days after the original notice of appeal filing deadline passed.

Though moving Plaintiff respects that it is taking up this Court's additional time in considering this motion, the length of the delay requested herein to file a notice of appeal of the Judgment is relatively minimal and in line with similar relief granted in other cases. *See supra,* at pp. 4-6 above.

Third, the reason for the delay is excusable under the circumstances. Plaintiff's counsel accepts responsibility for knowing (and in this case not knowing), local rules regarding the filing deadlines in this action. That said, as reflected in Plaintiff's attached declaration, Plaintiff's counsel initiated and would have filed the underlying Notice of Appeal timely, but for experiencing unforeseen connectivity and other technical obstacles to electronic filing on February 21, 2022. *See* Decl. Barnes, at ¶ 2 [Mr. Barnes commenced filing of the Notice of Appeal at approximately 9:30 p.m. eastern time on February 21, 2024, but experienced wifi and other technical problems]. Then, mistakenly believing that he had until midnight pacific time on February 21, 2024 to file the Notice of Appeal, Plaintiff's counsel retried filing the Notice of Appeal at approximately 2:32 a.m. eastern time on February 22, 2024 (11:32 p.m. pacific time on February 21, 2024), and was successful in doing so. Decl. Barnes, at ¶¶ 2 and 3.

Fourth and finally, Plaintiff's counsel acted in good faith in committing the late filing of the subject Notice of Appeal. Again, he initially would have completed the filing by midnight eastern time on February 21, 2022, but for

7

unforeseen connectivity and technical problems. Decl. Barnes, at ¶ 2. He the mistakenly, though in good faith, believed he had until midnight pacific time on February 21, 2024 to file the Notice of Appeal. Decl. Barnes, at ¶¶ 2 and 3.

### III.   CONCLUSION

For the reasons discussed above, this Court should enter an order pursuant to FRAP Rule 4(a)(5)(C), extending the deadline for Plaintiff to file a notice of appeal of the Judgment to either March 22, 2024, or 14 days after the date the order granting this motion is entered, whichever is later. Alternatively, this Court should grant any other relief deemed fair or just.

### STATEMENT OF CONCURRENCE
### [Local Rule 7.1(c)]

The undersigned hereby affirms that, after consultation with counsel for the other parties to this action, the parties are unable to reach an accord as to the issues raised by the within motion.

On or about March 6, 2024, counsel for the moving Plaintiff emailed counsel for the Defendant in this action, setting forth the grounds for this motion and asking whether it would be opposed. Counsel for Defendant responded to said email the same day, stating: "We do not assent" to the within motion.

s/Robert E. Barnes
Robert E. Barnes

DATED: March 7, 2024        Respectfully submitted,
Robert F. Kennedy, Jr.

/s/ Robert E. Barnes
Robert E. Barnes, Esq. (*pro hac vice*)
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
(310) 510-6211 (tel)
robertbarnes@barneslawllp.com


/s/ Jason M. Sullivan
Jason M. Sullivan
Law Office of Jason M. Sullivan, PLLC
One New Hampshire Avenue
Suite 125
Portsmouth, NH 03801
(603) 433-1325 (tel)
(603) 436-7388 (fax)
jsullivan@lojms.com
NH Bar No: 14360

*Attorneys for Plaintiff*

///

///

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT I, ROBERT E. BARNES, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above-titled action. I have caused service of this document(s) filed through the ECF system sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below:

Brian Andrew Suslak
Morrison Mahoney LLP
650 Elm St, Ste 201
Manchester, NH 03101
603-622-3400
Email: bsuslak@morrisonmahoney.com

Jason M. Sullivan
Law Office of Jason M. Sullivan, PLLC
One New Hampshire Avenue
Suite 125
Portsmouth, NH 03801
(603) 433-1325 (tel)
(603) 436-7388 (fax)
jsullivan@lojms.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2024.

/s/ Robert E. Barnes
ROBERT E. BARNES