UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT F. KENNEDY, JR., ) | |
| ) | Case No. |
| ) | 1:23-cv-00487 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID VICKREY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OBJECTION IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO STRIKE NOTICE OF APPEAL</u>**

[Plaintiff's Motion To Extend Time to File A Notice Of Appeal Of This Court's Final Judgment filed concurrently]

Pursuant to Local Rule 7.1(b), Plaintiff Robert F. Kennedy, Jr., hereby objects to Defendnt's Motion to Strike Notice of Appeal (the "Motion to Strike"). (D.E. 26)[1] As grounds for this objection, Plaintiff submits that Defendant cannot seek the relief requested in his Motion to Strike under Rule 16(f)[2], and that in any

---

[1] "D.E." refers herein to the docket entries of this Court in this action.

[2] "Rule" refers herein to the Federal Rules of Civil Procedure.

event, this Court should exercise its discretion to deny the Motion to Strike on the grounds no colorable prejudice inflicted upon Defendant arising from the late filing sought to be struck and the tardiness of the subject filing is excusable.

## I.     FACTS AND PROCEDURAL BACKGROUND

On October 31, 2023, this action commenced in this Court by way of Defendant's removal of a civil action filed by Plaintiff in the Superior Court of the State of New Hampshire, Rockingham County (D.E. 1) On November 1, 2023, Defendant filed a motion to dismiss pursuant to FRCP Rule 12(b)(2) on the grounds this Court lacked in personam jurisdiction over him (the "Motion To Dismiss"). (D.E. 4 and 5) Plaintiff filed an objection to Defendant's Motion to Dismiss, as well as his own Motion For Evidentiary Hearing On In Personam Jurisdiction Over Defendant Pending Jurisdictional Discovery (the "Motion re: Jurisdiction"). (D.E. 12, 13 and 19)

On January 22, 2024, this Court entered an order granting Defendant's Motion to Dismiss, and denying Plaintiff's Motion re: Jurisdiction (hereinafter the "Judgment"). (D.E. 21 and 22). On February 22, 2024 at 2:32 a.m. eastern time (February 21, 2024 at 11:32 p.m. pacific time), Plaintiff filed a Notice of Appeal of the Judgment (the "Notice of Appeal). (D.E. 23) Plaintiff's counsel neglected to consult the applicable local rules regarding the last day for documents submitted electronically, and thereby mistakenly believed the deadline was midnight on the

2

last day (February 21, 2024) irrespective of the time zone of the filer. Declaration of Robert E. Barnes ("Decl. Barnes"), attached to this objection, at ¶¶ 2 and 3.[3]

Subsequently, on February 22, 2024, the clerk entered a certificate transmitting the Record on appeal to the U.S. Court of Appeals, generating First Circuit Court of Appeals case number 24-1187. (D.E. 25 and 27) On February 22, 2024, Defendant filed a motion to strike the Notice of Appeal as untimely on February 22, 2024. (D.E. 26)

Plaintiff's Motion To Extend Time to File A Notice Of Appeal Of This Court's Final Judgment pursuant to the Federal Rules of Appellate Procedure, Rule 4(a)(5)(A) is filed concurrently with this motion. (D.E. 28)

## II.     ARGUMENT

Rule 12(f) provides that a party may move the court to "strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added) Rule 12(f) motions thus may only be brought to strike allegations in a pleading. Thus in *Breri v. Fiat S.p.A.,* 763 F.2d 17, 23 (1st Cir. 1985), the court held:

> "Such a motion may be employed by a defendant only to obtain relief from 'redundant, immaterial, impertinent, or scandalous matter' (citing Rule 12(f)). And, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.

---

[3] Mr. Barnes' filing location was on the west coast, subject to pacific standard time. *See* Decl. Barnes, at ¶ 3.

(citations omitted)." *See also Whittlestone, Inc. v. Handi-Craft Co.* 618 F.3d 970, 973-974 (9th Cir. 2010) [holding that allegations to be struck under Rule 12(f) must fit one of the categories specified in the rule].[4]

Here, Defendant's Motion to Strike Plaintiff's Notice of Appeal should be denied because it is not a proper motion for the relief requested by Defendant. Rather, a motion to strike under the language of Rule 12(f) such as that brought by Defendant, can be brought to strike material in pleadings, or as to material in support of or opposition to a motion under Local Rule 7.2(b). Since the filing of a notice of appeal generally divests a district court from jurisdiction over those aspects of the case involved in the appeal (*Griggs v. Provident Consumer,* 459 U.S. 56, 58 (1982)), a motion to strike under Rule 12(f) cannot be employed to strike a notice of appeal, even if untimely.

Additionally, a party properly moving to strike matters in pleadings under Rule 12(f), must still demonstrate that it will be prejudiced if the challenged matter is not stricken. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 821 (7th Cir. 2001) [advising counsel not to move to strike unless extraneous matter is "actually prejudicial"]; *Brown v. Maxwell,* 929 F.3d 41, 51, fn. 42 (2nd Cir. 2019) [court may strike "scandalous" allegations if they bear no possible relation to controversy or

---

[4] Local Rule 7.2(b) provides for the filing deadline of a motion to strike as to "material offered in support of or in opposition to a motion". It does not provide for a motion to strike a notice of appeal.

4

may cause moving party prejudice]. Defendant's Motion to Strike should therefore be denied on the additional grounds that Defendant cannot demonstrate any colorable prejudice arising from Plaintiff's Notice of Appeal being filed two hours and thirty-two minutes late. (D.E. 23) Defendant makes no attempt to articulate such prejudice in his Motion to Dismiss. Nor could he without stretching the boundries of logic.

Finally, and irrespective of the above-discussed grounds for denying Defendant's Motion to Dismiss, this Court should exercise its discretion to deny Defendant's Motion to Strike on the merits. In *McLeod v. Fessenden School,* 626 F.Supp.3d 220, 222 (D. Mass. 2022), the court held: "Rule 12(f) specifically gives the court discretion as to whether or not to strike a particular matter, although motions to strike are generally disfavored. (citing among other authorities, *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988))." *See also Boreri, supra,* 763 F.2d at 23 [motions under Rule 12(f) "are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."

Here, there is no colorable prejudice to Defendant arising from Plaintiff's two hours and thirty-two minutes late Notice of Appeal, and said filing tardiness does not rise to "impertinent" or "scandalous" matter as grounds to strike under Rule 12(f). Finally, the reason for the tardy filing is excuseable. Namely, Plaintiff's counsel encountering technical difficulties in filing the Notice of Appeal before

midnight eastern time, combined with erroneously believing he had until midnight pacific standard time to file timely.

### III.  CONCLUSION

For the reasons discussed above, this Court should deny Defendant's Motion to Strike.

DATED: March 7, 2024

Respectfully submitted,
Robert F. Kennedy, Jr.

/s/ Robert E. Barnes
Robert E. Barnes, Esq. (*pro hac vice*)
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
(310) 510-6211 (tel)
robertbarnes@barneslawllp.com

/s/ Jason M. Sullivan
Jason M. Sullivan
Law Office of Jason M. Sullivan, PLLC
One New Hampshire Avenue
Suite 125
Portsmouth, NH 03801
(603) 433-1325 (tel)
(603) 436-7388 (fax)
jsullivan@lojms.com
NH Bar No: 14360

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT I, ROBERT E. BARNES, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above-titled action. I have caused service of this document(s) filed through the ECF system sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below:

Brian Andrew Suslak
Morrison Mahoney LLP
650 Elm St, Ste 201
Manchester, NH 03101
603-622-3400
Email: bsuslak@morrisonmahoney.com

Jason M. Sullivan
Law Office of Jason M. Sullivan, PLLC
One New Hampshire Avenue
Suite 125
Portsmouth, NH 03801
(603) 433-1325 (tel)
(603) 436-7388 (fax)
jsullivan@lojms.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2024.

/s/ Robert E. Barnes
ROBERT E. BARNES