UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

        Plaintiff,

v.                                                                Docket No. 1:23-cv-00487

DAVID VICKREY,

        Defendant.

---

**DEFENDANT'S ASSENTED-TO MOTION
FOR LEAVE TO FILE REPLY TO PLAINTIFF'S
<u>OBJECTION TO MOTION TO STRIKE NOTICE OF APPEAL</u>**

Pursuant to Local Rule 7.1(e)(2), Defendant, David Vickrey, by and through his attorneys, Morrison Mahoney LLP, submits the following Motion for Leave to File a Reply to Plaintiff's Objection to Mr. Vickrey's Motion to Strike Notice of Appeal. Pursuant to Local Rule 7.1(e), Mr. Vickrey's proposed Reply, attached hereto as Exhibit A, is limited to a rebuttal of factual and legal arguments raised in Plaintiff's Objection to Mr. Vickrey's Motion to Strike. Plaintiff assents to Mr. Vickrey's Motion for Leave to File Reply.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A.      Grant Defendant's Motion for Leave to File Reply;

B.      File Defendant's proposed Reply, attached hereto as Exhibit A; and

C.      Grant any further relief deemed fair or just.

103454183

Respectfully submitted,

DAVID VICKREY

By His Attorneys,

MORRISON MAHONEY LLP

March 14, 2024        By:     */s/ Brian A. Suslak*
                                 Brian A. Suslak, #269917
                                 bsuslak@morrisonmahoney.com
                                 Center of New Hampshire Office Tower
                                 650 Elm Street, Suite 201
                                 Manchester, NH 03101
                                 Phone:  603-622-3400
                                 Fax:      603-622-3466

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2024.

*/s/ Brian A. Suslak*
Brian A. Suslak, #269917

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

        Plaintiff,

v.                                                                    Docket No. 1:23-cv-00487

DAVID VICKREY,

        Defendant.

---

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**OBJECTION TO MOTION TO STRIKE NOTICE OF APPEAL**

Pursuant to Local Rule 7.1(e)(2), Defendant, David Vickrey, by and through his attorneys, Morrison Mahoney LLP, submits the following Reply to Plaintiff's Objection to Mr. Vickrey's Motion to Strike Notice of Appeal.

**I.**      **Plaintiff's Rule 12(f) Argument**

Plaintiff first argues that the Court should deny Mr. Vickrey's Motion to Strike because a Rule 12(f) Motion is not the proper avenue for disposing of an untimely notice of appeal.  Federal courts across the country, however, have ruled on and granted motions to strike appeals for various reasons, including untimeliness.  See, e.g., Hughes v. Unnamed Appellees, 2021 WL 9638512, at *1 (N.D. Ga. 2021) (granting appellee's motion to strike bankruptcy appeal as untimely); In re: Blancato, 2019 WL 208853 (D. Nev. 2019) (granting motion to strike notice of appeal due to appellant's failure to sign appeal notice); Pearson v. Astrue, 2007 WL 9677187, at *1 (D. Or. 2007) (granting plaintiff's motion to strike appeal); Benton Harbor Malleable Industries v. Int'l Union, United Automobile Aircraft & Agricultural Implement Workers of America (UAW-CIO), 355 F.2d 70, 73 (6th Cir. 1966) (granting motion to strike appeal and dismissing appeal).  Based

upon the above case law, Mr. Vickrey submits that the Court may properly consider his Motion to Strike Plaintiff's Appeal.

## II.    This Court Has Not Been Divested of Jurisdiction Over Mr. Vickrey's Motion to Strike

Plaintiff also argues that the Court should deny Mr. Vickrey's Motion to Strike because Plaintiff's filing of a Notice of Appeal divested this Court of jurisdiction over this case. Mr. Vickrey addressed this issue in his Motion to Strike, but briefly re-addresses it here. While the filing of a notice of appeal traditionally divests the district court of control over the aspects of the case involved in the appeal, "an untimely, impermissible or frivolous appeal does not vest jurisdiction in the court of appeals." U.S. v. Ferris, 751 F.2d 436, 440 (1st Cir. 1984). Here, because Mr. Vickrey has moved to strike Plaintiff's appeal as untimely, the District Court retains jurisdiction over the motion until this issue has been resolved. Accordingly, jurisdiction in this Court remains proper.

## III.    Mr. Vickrey Has Been and Will Continue to Be Prejudiced by Plaintiff's Untimely Appeal of the Dismissal of this Lawsuit

Plaintiff next argues that Mr. Vickrey cannot demonstrate any prejudice as a result of Plaintiff's failure to timely file his appeal. This entire meritless case has caused substantial prejudice to Mr. Vickrey in terms of the time and resources he has been forced to expend in his defense, as well as the damage to his personal and professional reputation wrought by Plaintiff in bringing this lawsuit. If Plaintiff is permitted to flout the Federal Rules of Civil Procedure and Local Rules of this Court and pursue his appeal despite failing to timely file a Notice of Appeal, Mr. Vickrey will continue to experience significant prejudice in the form of additional time and resources that he will need to dedicate to an appeal.

IV.   **Plaintiff's Failure to Comply with the Applicable Federal and Local Rules Does Not Constitute Excusable Neglect**

Plaintiff finally argues that his failure to comply with Rule 4(a)(1)(A) and Local Rule 6.1 constitutes excusable neglect that does not warrant the dismissal/striking of his untimely Notice of Appeal.  Plaintiff more extensively addresses this issue in his separately filed Motion to Extend Time to File Notice of Appeal, also filed on March 7, 2024, and Mr. Vickrey will respond to these arguments when he files his Objection to Plaintiff's Motion to Extend.  Because Plaintiff has addressed this issue in his Objection to Mr. Vickrey's Motion to Strike, Mr. Vickrey briefly addresses why Plaintiff's failure to comply with Rule 4(a)(1)(A) and Local Rule 6.1 does not constitute excusable neglect.

**A.  Plaintiff's Alleged Internet Connectivity Issues**

First, Plaintiff argues that he experienced technical difficulties—namely problems with his internet connection—that prevented Plaintiff from timely filing his Notice of Appeal.  Mr. Vickrey first notes that neither Plaintiff nor his counsel ever contacted undersigned counsel for Mr. Vickrey at any point on February 21, 2024 to report problems with his internet connection and/or to request an extension of the appeal deadline until such issues could be resolved.  See Affidavit of Brian A. Suslak, Exhibit 1.  In fact, undersigned counsel for Mr. Vickrey did not learn of Plaintiff's counsel's alleged internet connection issues until Plaintiff filed his Objection to Mr. Vickrey's Motion to Strike, two weeks after Mr. Vickrey filed said motion.  See Ex. 1.  Courts across the United States dealing with similar issues have held that alleged internet connectivity issues, particularly when the party experiencing the issues failed to bring them to the attention of other counsel, do not constitute excusable neglect.  See Airway Leasing, LLC v. MTGLQ Investors, L.P., 2021 WL 1575208, at *2 (D.R.I. 2021) (noting that "[c]ourts have long been skeptical that counsel's difficulty in making a timely electronic filing can ever reasonably be viewed as

3

excusable neglect"); <u>Shifers v. Arapahoe Motors, Inc.,</u> 2018 WL 6620866, at *4 (D. Colo. 2018) (rejecting plaintiff's internet connectivity argument and noting that "[n]umerous other courts have rejected similar allegations of technical issues as insufficient to establish excusable neglect"); <u>Smith v. Look Cycle USA</u>, 973 F.Supp.2d 787, 790 (E.D. Va. 2013) (finding that counsel's alleged technical problems with computer failed to demonstrate excusable neglect, and noting that "Plaintiff's counsel could have contacted defense counsel to indicate any difficulties . . . ."); <u>Robinson v. Wix Filtration Corp., LLC</u>, 599 F.3d 403, 413 (4th Cir. 2010) (rejecting plaintiff's claims of experiencing e-mail difficulties, specifically noting "counsel's calculated decision—to inform no one of computer malfunctions of which only he was aware"). Based upon the above-referenced decisions, and in light of Plaintiff's failure to contact undersigned counsel at any point concerning alleged internet connectivity issues, Mr. Vickrey submits that the alleged internet connectivity issues that allegedly prevented Plaintiff from timely filing his notice of appeal do not constitute excusable neglect.

### B.  Plaintiff's Failure to Comply With Local Rules

Plaintiff next argues, in seeming contradiction to his first argument, that he believed he timely filed his Notice of Appeal because it was filed by midnight in the pacific time zone.  Plaintiff alleges that his failure to timely file the Notice of Appeal by midnight in the <u>eastern</u> time zone, in which this Court is located, constitutes excusable neglect insofar as Plaintiff was unaware that the New Hampshire Local Rules required electronic filing by midnight eastern.

While Mr. Vickrey understands that counsel for Plaintiff is not admitted to practice law in the State of New Hampshire and may have been unfamiliar with the applicable Local Rules, by moving for admission *pro hac vice* in this case, counsel for Plaintiff agreed that he would familiarize himself with the applicable rules and practice in accordance with said rules.  Mr.

Vickrey also notes that counsel for Plaintiff's home district, the Central District of California, includes an identical requirement that filings be made by midnight pacific time, i.e., the time zone in which that court is located.  See C.D. Cal. Local Rules 5-4.6.1.  The record before the Court also shows that Plaintiff clearly was aware of this rule, and the fact that he needed to file by midnight eastern, as he previously has filed substantive objections just before the midnight deadline.  See Plaintiff's Objection to Motion to Dismiss, filed on 11/29/23 at 11:32 PM ET.  Thus, Plaintiff was aware, or should have been aware had he familiarized himself with the New Hampshire Local Rules, that filing needed to occur by midnight in the eastern time zone to be timely.  Plaintiff failed to do so in this case.  Courts across the country have held that failure to comply with the Local Rules does not constitute excusable neglect justifying the set aside of a dismissal or other dispositive action.  See McDowell-Bonner v. District of Columbia, 668 F.Supp.2d 124, 127 (D.C. Cir. 2009) (noting that plaintiff's inability to electronically file opposition prior to deadline "can hardly be considered the result of excusable neglect"); Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (holding that plaintiff's 18-day delay in filing opposition to complaint, in contravention of Maine District Court Local Rules, did not constitute excusable neglect); Deo-Agbasi v. Parthenon Group, 229 F.R.D. 348, 353-354 (D. Mass. 2015) (ruling that paralegal's failure to timely file pleading per local rules did not constitute excusable neglect).  Considering these factors, Mr. Vickrey submits that Plaintiff's failure to familiarize himself with and file pursuant to the New Hampshire Local Rules does not constitute excusable neglect.

## V.   **CONCLUSION**

For the reasons set forth above, and in his previously filed Motion to Strike, Mr. Vickrey respectfully requests that this Honorable Court strike Plaintiff's Notice of Appeal as untimely.

Respectfully submitted,

DAVID VICKREY

By His Attorneys,

MORRISON MAHONEY LLP

March 14, 2024                    By:      /s/ *Brian A. Suslak*
                                           Brian A. Suslak, #269917
                                           bsuslak@morrisonmahoney.com
                                           Center of New Hampshire Office Tower
                                           650 Elm Street, Suite 201
                                           Manchester, NH 03101
                                           Phone:  603-622-3400
                                           Fax:    603-622-3466

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2024.

/s/ *Brian A. Suslak*
Brian A. Suslak, #269917

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

         Plaintiff,

v.

DAVID VICKREY,

         Defendant.

Docket No. 1:23-cv-00487

---

## AFFIDAVIT OF BRIAN A. SUSLAK

I, Brian A. Suslak, depose and state under oath as follows:

1.      I am over the age of 18 and otherwise competent to make this affidavit.

2.      I am a partner at the law firm of Morrison Mahoney LLP.  In this capacity, I represent the Defendant, David Vickrey, in the above-captioned lawsuit.

3.      On January 22, 2024, the Court granted Mr. Vickrey's Motion to Dismiss the lawsuit filed by Plaintiff for lack of personal jurisdiction.

4.      Per the Federal Rules of Civil Procedure and New Hampshire Local Rules, Plaintiff needed to file his Notice of Appeal by midnight on February 21, 2024.

5.      Per the e-mail that I received from PACER's ECF system, Plaintiff filed his Notice of Appeal at 2:31 AM EST on February 22, 2024.

6.      Based upon my review of the Federal Rules of Civil Procedure and New Hampshire Local Rules, I determined that Plaintiff's Notice of Appeal had not been timely filed.

7.      On February 22, 2024, I filed a Motion to Strike Plaintiff's Notice of Appeal in this Court.

8.      On February 27, 2024, the U.S. First Circuit Court of Appeals docketed Plaintiff's appeal.

9.      After receiving the notice of the docketing of Plaintiff's appeal, I spoke to a clerk at the First Circuit who advised that I could file a notice in the First Circuit, alerting the First Circuit that Mr. Vickrey had filed a motion in the District Court to strike Plaintiff's appeal as untimely.

103455099

10.    On February 29, 2024, I filed the Notice of Motion to Strike Notice of Appeal in the First Circuit.

11.    On March 1, 2024, the First Circuit issued a Show Cause Order to Plaintiff, seeking briefing as to why Plaintiff's appeal was not untimely.  Plaintiff must respond to the Show Cause Order by March 15, 2024.

12.    On March 7, 2024, Plaintiff filed in this Court an Objection to Mr. Vickrey's Motion to Strike Notice of Appeal, as well as a Motion to Extend the deadline to file Plaintiff's Notice of Appeal.

13.    In these filings, counsel for Plaintiff claimed that he experienced internet connectivity issues on February 21, 2024, which purportedly prevented counsel for Plaintiff from timely filing his Notice of Appeal by midnight on February 21, 2024.

14.    This was the first time that I ever learned of Plaintiff's counsel's alleged internet connectivity issues when attempting to file Plaintiff's Notice of Appeal.

15.    Counsel for Plaintiff never contacted me at any time prior to or following the February 21, 2024 deadline to report his internet connectivity issues and request an extension of the deadline to file a Notice of Appeal.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14th DAY OF MARCH 2024.

_____/s/ Brian A. Suslak_____

Brian A. Suslak