UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

        Plaintiff,

v.

DAVID VICKREY,

        Defendant.

Docket No. 1:23-cv-00487

---

**DEFENDANT'S OBJECTION TO
PLAINTIFF'S MOTION TO EXTEND TIME
TO FILE A NOTICE OF APPEAL OF
THIS COURT'S FINAL JUDGMENT**

Pursuant to Fed. R. App. P. 4(a)(5)(A), L.R. 6.1, and L.R. 7.1, Defendant, David Vickrey, by and through his attorneys, Morrison Mahoney LLP, submits the following Objection Plaintiff's Motion to Extend Time to File a Notice of Appeal of this Court's Final Judgment ("Motion to Extend"). As grounds for this Objection, Mr. Vickrey states as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2024, this Court issued an Order granting Mr. Vickrey's Motion to Dismiss. (Docket #21). On the same date, the Court entered judgment in favor of Mr. Vickrey. (Docket # 22). Per Fed. R. App. P. 4(a)(1)(A), Plaintiff was required to appeal the Court's granting of Mr. Vickrey's Motion to Dismiss within 30 days after the entry of judgment in favor of Mr. Vickrey. As of midnight on February 21, 2024, thirty days following the entry of judgment in favor of Mr. Vickrey elapsed. Plaintiff failed to file a Notice of Appeal within this period. On February 22, 2024, 31 days following the Court's entry of judgment in favor of Mr. Vickrey, Plaintiff filed his Notice of Appeal. (Docket #23).

On February 22, 2024, Mr. Vickrey filed in this Court a Motion to Strike Plaintiff's Notice of Appeal.  (Docket #26).  On February 27, 2024, the United States First Circuit Court of Appeals docketed Plaintiff's appeal.  <u>See</u> Affidavit of Brian A. Suslak, Ex. A.  On February 29, 2024, Mr. Vickrey filed a Notice in the First Circuit Court of Appeals, informing the court that he had moved to strike Plaintiff's Notice of Appeal.  <u>See</u> Ex. A.  On March 1, 2024, the First Circuit issued a Show Cause Order to Plaintiff, seeking a response as to why Plaintiff's appeal was not untimely.  <u>See</u> Ex. A.  On March 14, 2024, Plaintiff responded to the Show Cause Order in the First Circuit and requested that the court abstain from taking action on Plaintiff's appeal pending the resolution of the motions filed in this Court.  <u>See</u> Ex. A.

On March 7, 2024, Plaintiff filed his Objection to Mr. Vickrey's Motion to Strike, as well as the instant Motion to Extend.  In these filings, counsel for Plaintiff averred that he experienced internet connectivity issues on February 21, 2024, which prevented counsel for Plaintiff from timely filing Plaintiff's Notice of Appeal by midnight eastern on February 21, 2024.  Undersigned counsel for Defendant learned of counsel for Plaintiff's alleged internet connectivity issues for the first time when Plaintiff filed his Objection and Motion to Extend on March 7, 2024.  <u>See</u> Ex. A. Counsel for Plaintiff further averred that he neglected to consult the New Hampshire Local Rules, and believed that he had until midnight in the time zone from which he was filing, i.e., the pacific time zone, to file his Notice of Appeal.

## II.   <u>STANDARD OF REVIEW</u>

Generally a party to a civil case must file a notice of appeal within thirty days of the entry of judgment.  <u>See</u> Fed. R. App. P. 4(a)(1)(A) and L.R. 6.1.  Certain exceptions, however, do apply. Appellate Rule 4(a)(5)(A) provides, in pertinent part, as follows:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i)   a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii)  regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

"Good cause" and "excusable neglect" are different legal standards.  "Good cause" applies when "the putative appellant's tardiness in filing a notice of appeal resulted entirely from external causes."  <u>Mirpuri v. ACT Mfg., Inc.</u>, 212 F.3d 624, 630 (1st Cir. 2000).  In such instances, "there is no neglect (and, thus, nothing to excuse)."  <u>Id.</u>  However, "where there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, 'good cause' has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect."  <u>Id.</u>

The First Circuit has recognized that "excusable neglect . . . is a somewhat elastic concept." <u>Hospital del Maestro v. NLRB</u>, 263 F.3d 173, 174 (1st Cir. 2001).  Excusable neglect motions are left to the discretion of the District Court judge.  <u>See</u> <u>Stonkus v. City of Brockton Sch. Dep't</u>, 322 F.3d 97, 100-01 (1st Cir. 2003).  In determining whether excusable neglect, the District Court must consider the following factors set forth in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship</u>, 507 U.S. 380, 395 (1993):

1. The danger of prejudice to the non-moving party;

2. The length of any delay and its potential impact on judicial proceedings;

3. The reasons for the delay, including whether the movant had control over those reasons; and

4. Whether the movant acted in good faith.

Id.

The First Circuit has recognized that "[t]he third factor, the reason for the mistake, is . . . 'by far the most critical.'" Robinson v. Wright, 460 F.Supp.2d 178, 180 (D. Me. 2006) (quoting Dimmit v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005). "The language of Rule 4(a)(5)(A) is such that 'Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Daggett v. York County, 2021 WL 1792068, at *3 (D. Me. 2021) (quoting Pioneer, 507 U.S. at 388). "However, 'counsels' inattention or carelessness, **such as a failure to consult or to abide by an unambiguous court procedural rule**, normally does not constitute excusable neglect.'" Id. (quoting Dimmitt, 407 F.3d at 24) (emphasis added). "Instead, the 'would-be appellant must demonstrate unique or extraordinary circumstances.'" Id. (quoting Mirpuri, 212 F.3d at 630-31).

### III.   <u>ARGUMENT</u>

For the reasons set forth below, Mr. Vickrey submits that Plaintiff's failure to timely file his Notice of Appeal by the February 21, 2024 deadline does not constitute excusable neglect. Accordingly, the Court should deny Plaintiff's Motion to Extend.

### A.  Mr. Vickrey Has Been and Will Continue to Be Prejudiced by Plaintiff's Untimely Appeal of the Dismissal of this Lawsuit

Mr. Vickrey has and will continue to be prejudiced by Plaintiff's untimely appeal of this lawsuit if allowed to proceed.  This entire meritless case has caused substantial prejudice to Mr. Vickrey in terms of the time and resources he has been forced to expend in his defense, as well as the damage to his personal and professional reputation wrought by Plaintiff in bringing this lawsuit.  If Plaintiff is permitted to flout the Federal Rules of Civil and Appellate Procedure and Local Rules of this Court and pursue his appeal despite failing to timely file a Notice of Appeal, Mr. Vickrey will continue to experience significant prejudice in the form of additional time and resources that he will need to dedicate to an appeal.

### B.  Plaintiff's Untimely Filed Appeal Will Cause Undue Delay

Allowing Plaintiff to pursue his untimely filed appeal also will cause undue delay to the Court and further waste the time and resources of the Court.  It has now been over five months since Plaintiff filed this lawsuit and nearly two months since the Court dismissed this lawsuit, finding absolutely no basis whatsoever for the exercise of personal jurisdiction over Mr. Vickrey in New Hampshire.  Allowing Plaintiff to continue to pursue this untimely appeal, when he could not even be bothered to consult the applicable Local Rules, will not change the fact that his case against Mr. Vickrey in New Hampshire is fatally flawed.  The only purpose it will serve is to further waste the resources of both this Court and the First Circuit.

### C.  Plaintiff's Reasons for Delay Do Not Constitute Excusable Neglect

As noted above, the First Circuit has recognized that the third factor of the Pioneer holding, the moving party's reason for delay, and whether the party had control over those reasons, is "by far the most critical." Robinson v. Wright, 460 F.Supp.2d 178, 180 (D. Me. 2006) (quoting Dimmit v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005).  The First Circuit has noted that "[w]hile each potential factor should be weighed, there is ultimately a thumb on the scale [as to the third factor] because within the constellation of relevant factors, the most important is the reason for the particular oversight." Tubens v. Doe, 976 F.3d 101 (1st Cir. 2020).  In his Motion to Extend, Plaintiff sets forth two seemingly contradictory arguments as to why he failed to timely file his Notice of Appeal:  first, that his counsel experienced internet connectivity issues that prevented him from timely filing the Notice of Appeal; and second, that his counsel neglected to consult with the applicable Local Rules regarding the timing of filing.  Mr. Vickrey separately addresses each of these arguments and why they both fail to establish excusable neglect.

### 1.  Plaintiff's Counsel's Alleged Internet Connectivity Issues

First, Plaintiff argues that his counsel experienced technical difficulties—namely problems with his internet connection—that prevented Plaintiff from timely filing his Notice of Appeal.  Mr. Vickrey first notes that neither Plaintiff nor his counsel ever contacted undersigned counsel for Mr. Vickrey at any point on February 21, 2024 to report problems with his internet connection and/or to request an extension of the appeal deadline until such issues could be resolved.  See Ex. A.  In fact, undersigned counsel for Mr. Vickrey did not learn of Plaintiff's counsel's alleged internet connection issues until Plaintiff filed his Objection to Mr. Vickrey's Motion to Strike, two weeks after Mr. Vickrey filed his Motion to Strike.  See Ex. A.  Courts across the United States dealing with similar issues have found that alleged internet connectivity issues, particularly when

the party experiencing the issues fails to bring them to the attention of other counsel, do not constitute excusable neglect.  See Airway Leasing, LLC v. MTGLQ Investors, L.P., 2021 WL 1575208, at *2 (D.R.I. 2021) (noting that "[c]ourts have long been skeptical that counsel's difficulty in making a timely electronic filing can ever reasonably be viewed as excusable neglect"); Shifers v. Arapahoe Motors, Inc., 2018 WL 6620866, at *4 (D. Colo. 2018) (rejecting plaintiff's internet connectivity argument and noting that "[n]umerous other courts have rejected similar allegations of technical issues as insufficient to establish excusable neglect"); Smith v. Look Cycle USA, 973 F.Supp.2d 787, 790 (E.D. Va. 2013) (finding that counsel's alleged technical problems with computer failed to demonstrate excusable neglect, and noting that "Plaintiff's counsel could have contacted defense counsel to indicate any difficulties . . . ."); Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 413 (4th Cir. 2010) (rejecting plaintiff's claims of experiencing e-mail difficulties, specifically noting "counsel's calculated decision—to inform no one of computer malfunctions of which only he was aware").  Based upon the above-referenced decisions, and in light of Plaintiff's failure to contact undersigned counsel at any point concerning alleged internet connectivity issues, Mr. Vickrey submits that the alleged internet connectivity issues that allegedly prevented Plaintiff from timely filing his notice of appeal do not constitute excusable neglect.

### 2.  Plaintiff's Failure to Comply with Local Rules

Plaintiff next argues, in seeming contradiction to his first argument, that he believed he timely filed his Notice of Appeal because his counsel filed it by midnight in the pacific time zone. Plaintiff alleges that his failure to timely file the Notice of Appeal by midnight in the eastern time zone, in which this Court is located, constitutes excusable neglect insofar as Plaintiff was unaware

that the New Hampshire Local Rules required electronic filing by midnight in the time zone of this court, i.e., by midnight <u>eastern</u>.

While Mr. Vickrey understands that counsel for Plaintiff is not admitted to practice law in the State of New Hampshire and may have been unfamiliar with the applicable Local Rules, by moving for admission *pro hac vice* in this case, counsel for Plaintiff agreed that he would familiarize himself with the applicable rules and practice in accordance with said rules.  Mr. Vickrey also notes that counsel for Plaintiff's home district, the Central District of California, includes an identical requirement that filings be made by midnight pacific time, i.e., the time zone in which that court is located.  <u>See</u> C.D. Cal. Local Rules 5-4.6.1.  The record before the Court also shows that Plaintiff clearly was aware of this rule, and the fact that he needed to file by midnight <u>eastern</u>, as he previously has filed substantive objections just before the midnight deadline.  <u>See</u> Plaintiff's Objection to Motion to Dismiss, filed on 11/29/23 at 11:32 PM ET.  Moreover, counsel's representation to this Court of a purported belief that he had until midnight pacific to file Plaintiff's Notice of Appeal because he happened to be located in California is implausible.  Filing deadlines governed by the situs of the filer, as opposed to the court accepting the filing, would yield chaotic results.  For example, under Plaintiff's argument, if a New Hampshire based attorney were filing in a California case, would he need to file by 12 AM eastern time (9 PM pacific time), thus depriving the filer of three hours of time to complete and file their brief?  Bottom line, Plaintiff was aware, or should have been aware had he familiarized himself with the New Hampshire Local Rules, that filing needed to occur by midnight in the <u>eastern</u> time zone to be timely.  Plaintiff failed to do so in this case.  As noted above, the First Circuit has held that "'counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does constitute excusable neglect.'"  <u>Daggett v. York</u>

County, 2021 WL 1792068, at *3 (D. Me. 2021) (quoting Dimmitt, 407 F.3d at 24).   Thus, Plaintiff's argument that his counsel neglected to consult the local rules does not constitute excusable neglect.

Courts in other jurisdictions likewise have held that failure to comply with the Local Rules does not constitute excusable neglect justifying the set aside of a dismissal or other dispositive action.   See McDowell-Bonner v. District of Columbia, 668 F.Supp.2d 124, 127 (D.C. Cir. 2009) (noting that plaintiff's inability to electronically file opposition prior to deadline "can hardly be considered the result of excusable neglect"); Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (holding that plaintiff's 18-day delay in filing opposition to complaint, in contravention of Maine District Court Local Rules, did not constitute excusable neglect); Deo-Agbasi v. Parthenon Group, 229 F.R.D. 348, 353-354 (D. Mass. 2015) (ruling that paralegal's failure to timely file pleading per local rules did not constitute excusable neglect).   Considering these factors, Mr. Vickrey submits that Plaintiff's failure to familiarize himself with and file pursuant to the New Hampshire Local Rules does not constitute excusable neglect.

### 3.   **The Cases Cited by Plaintiff Are Distinguishable from this Case**

Mr. Vickrey also notes that the cases cited by Plaintiff in support of his excusable neglect argument are distinguishable from this case.   For example, Plaintiff cites to the First Circuit's holding in Pratt v. Philbrook, 109 F.3d 18 (1st Cir. 1997) as an example of the First Circuit vacating a dismissal due to a missed deadline as a result of excusable neglect.   (Objection, p. 4-5).   This is not what the Pratt case stands for, nor how it ultimately resolved.   The Pratt case had a much lengthier and more complicated history than that portrayed by Plaintiff in his Objection.   The Pratt holding cited by Plaintiff did not vacate on the merits the dismissal entered against the plaintiff who failed to comply with a critical deadline.   Rather, the First Circuit, believing that the District

Court had not been apprised of the <u>Pioneer</u> factors, vacated the dismissal and remanded the case

back to the District Court so that the District Court could perform the proper <u>Pioneer</u> analysis.

<u>Pratt</u>, 109 F.3d at 23.  This could not be clearer from the <u>Pratt</u> holding cited by Plaintiff:

> Whether the failure of plaintiff's attorney to notify the district court
> in a timely fashion regarding the breakdown of the settlement of this
> case comes within the meaning of "excusable neglect" as explained
> in <u>Pioneer</u>, is a matter to be resolved initially by the trial court on
> the basis of a more extended record.

<u>Id.</u>  Thus, the <u>Pratt</u> holding cited by Plaintiff was in no way a reversal on the merits of the District

Court's dismissal of a case for failing to comply with a court-mandated deadline.  Furthermore,

subsequent to the First Circuit holding cited by Plaintiff, the District Court, receiving the case on

remand from the First Circuit, ultimately applied the <u>Pioneer</u> factors and determined that the

plaintiff had failed to establish excusable neglect.  <u>See Pratt v. Philbrook</u>, 174 F.R.D. 230 (D.

Mass. 1997).  The plaintiff then once again appealed the District Court's decision, but this time

the First Circuit affirmed the dismissal, deferring to the discretion of the trial court judge.  <u>See</u>

<u>Pratt v. Philbrook</u>, 141 F.3d 1150 (1st Cir. 1998).  Accordingly, Plaintiff's claim that the interim

<u>Pratt</u> holding cited in his Objection supports his excusable neglect argument is completely untrue.

Plaintiff also fails to provide the full justification for the District Court's finding of

excusable neglect in <u>Daggett v. York County</u>, 2021 WL 1792068 (D. Me. 2021).  While it is true

that the court in <u>Daggett</u> ultimately found excusable neglect and agreed to extend an appeal

deadline even when the plaintiff's attorney had failed to review her client's file for nearly a month,

thus missing an appeal deadline by four days, the court noted that it also considered other issues

not present in this case, namely a personal matter involving plaintiff's counsel (which apparently

was reviewed by the court under seal), which weighed in favor of finding excusable neglect.  <u>Id.</u>

at *3 ("Another consideration is the personal circumstances Attorney Hanley explained in her

exhibit, which caused her to be in her office less consistently around the time she received the case

file from Mr. Daggett's prior counsel").  No such additional circumstances are present in this case.

If the Court takes Plaintiff at his word, his failure to timely file his Notice of Appeal either resulted

from his counsel's internet connectivity issues, which, as discussed above, numerous courts have

found does not constitute excusable neglect, or from his counsel's failure to familiarize himself

with the Local Rules.  Thus, Plaintiff's reliance on Daggett also is misplaced and does not compel

the Court to extend the appeal deadline.

Finally, the Ninth Circuit case Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004), also relied

on by Plaintiff, does not support his argument in his Motion to Extend.  Pincay involved a missed

appeal deadline that occurred when an attorney delegated calendaring deadlines to a paralegal and

the paralegal erroneously calendared a 60 day deadline for an appeal (reserved for claims involving

the United States government) as opposed to the correct 30 day deadline.  Id. at 854-55.  At the

District Court level, the court found that the defendant's failure to timely file an appeal due to the

calendaring issue constituted excusable neglect, and the plaintiff subsequently appealed.  Id.  In

affirming the decision of the District Court, the Ninth Circuit first noted that "[w]e recognize that

a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be

offered" in arguing excusable neglect.  Id. at 859.  However, the Ninth Circuit deferred to the

discretion of the District Court, which had determined that the calendaring issue constituted

excusable neglect.  In doing so, the Ninth Circuit noted that "the decision whether to grant or deny

an extension of time to file a notice of appeal should be entrusted to the discretion of the district

court" and that "[h]ad the district court declined to permit the filing of notice, we would be hard

pressed to find any rationale requiring us to reverse."  Id.

The facts giving rise to Plaintiff's Motion to Extend are easily distinguishable from the

facts of Pincay.  While Pincay involved the calendaring of the incorrect date, based upon a

paralegal's misreading of the applicable rule, counsel for Plaintiff in this case, by his own admission, <u>never</u> consulted the Local Rules regarding the timing of the filing of Plaintiff's Notice of Appeal.  Had counsel for Plaintiff consulted the Local Rules, it would have been abundantly clear that Plaintiff's Notice of Appeal needed to be filed by midnight eastern.  As the Ninth Circuit in <u>Pincay</u> noted, this failure to read an applicable rule is one of the least compelling excuses that can be offered in arguing excusable neglect.  Because this case does not involve the erroneous interpretation of a rule, but rather Plaintiff's failure to review in its entirety, the Ninth Circuit's holding in <u>Pincay</u> is easily distinguishable and does not support Plaintiff's Motion to extend.

### D.  Mr. Vickrey Defers to the Court as to Whether Plaintiff Has Exhibited Good Faith

The final <u>Pioneer</u> factor that the Court must consider is whether the movant has exhibited good faith in seeking to extend the missed deadline.  Mr. Vickrey submits that the record before the Court is sufficient for the Court to determine whether it believes that Plaintiff and his counsel acted in good faith in moving to extend the deadline.  Mr. Vickrey reiterates, as discussed above, that he first learned of Plaintiff's counsel's alleged internet connectivity issues that allegedly prevented Plaintiff from timely filing his Notice of Appeal when Plaintiff contemporaneously filed his Objection to Mr. Vickrey's Motion to Strike and his Motion to Extend.  Plaintiff filed these documents two weeks after Mr. Vickrey moved to strike the Notice of Appeal.  At no time prior to or following the untimely filed Notice of Appeal did Plaintiff or his counsel ever contact Mr. Vickrey or his undersigned counsel regarding the alleged internet connectivity issues or any other issues concerning the timeliness of filing.  Additionally, Plaintiff has retained local New Hampshire counsel in this case, who presumably could have assisted Plaintiff in filing, or in complying with the Local Rules as it relates to the timeliness of filing.  Mr. Vickrey will defer to the Court as to whether this constitutes good faith on the part of Plaintiff and his counsel.

IV.    **<u>CONCLUSION</u>**

From the outset, this lawsuit has been nothing more than an attempt at forum shopping by Plaintiff to take advantage of New Hampshire's three-year statute of limitations for defamation lawsuits.  Plaintiff has filed in New Hampshire—with absolutely no basis for jurisdiction in this forum—to take advantage of New Hampshire's laws, yet he cannot even take the time to familiarize himself with the Local Rules to ensure that his pleadings have been filed in a timely manner.  For the reasons outlined above, Mr. Vickrey submits that Plaintiff's failure to timely file his Notice of Appeal falls well short of excusable neglect, and, accordingly, the Court should deny Plaintiff's Motion to Extend.

Respectfully submitted,

DAVID VICKREY

By His Attorneys,

MORRISON MAHONEY LLP

March 21, 2024                   By        /s/ *Brian A. Suslak*
                                           Brian A. Suslak, #269917
                                           bsuslak@morrisonmahoney.com
                                           Center of New Hampshire Office Tower
                                           650 Elm Street, Suite 201
                                           Manchester, NH 03101
                                           Phone:  603-622-3400
                                           Fax:      603-622-3466

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 21, 2024.

/s/ Brian A. Suslak
Brian A. Suslak, #269917

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

ROBERT F. KENNEDY, JR.,

       Plaintiff,

v.                               Docket No. 1:23-cv-00487

DAVID VICKREY,

       Defendant.

---

### **AFFIDAVIT OF BRIAN A. SUSLAK**

I, Brian A. Suslak, depose and state under oath as follows:

1.      I am over the age of 18 and otherwise competent to make this affidavit.

2.      I am a partner at the law firm of Morrison Mahoney LLP.  In this capacity, I represent the Defendant, David Vickrey, in the above-captioned lawsuit.

3.      On January 22, 2024, the Court granted Mr. Vickrey's Motion to Dismiss the lawsuit filed by Plaintiff for lack of personal jurisdiction.

4.      Per the Federal Rules of Civil Procedure and New Hampshire Local Rules, Plaintiff needed to file his Notice of Appeal by midnight on February 21, 2024.

5.      Per the e-mail that I received from PACER's ECF system, Plaintiff filed his Notice of Appeal at 2:31 AM EST on February 22, 2024.

6.      Based upon my review of the Federal Rules of Civil Procedure and New Hampshire Local Rules, I determined that Plaintiff's Notice of Appeal had not been timely filed.

7.      On February 22, 2024, I filed a Motion to Strike Plaintiff's Notice of Appeal in this Court.

8.      On February 27, 2024, the U.S. First Circuit Court of Appeals docketed Plaintiff's appeal.

9.      After receiving the notice of the docketing of Plaintiff's appeal, I spoke to a clerk at the First Circuit who advised that I could file a notice in the First Circuit, alerting the First Circuit that Mr. Vickrey had filed a motion in the District Court to strike Plaintiff's appeal as untimely.

10.     On February 29, 2024, I filed the Notice of Motion to Strike Notice of Appeal in the First Circuit.

11.     On March 1, 2024, the First Circuit issued a Show Cause Order to Plaintiff, seeking briefing as to why Plaintiff's appeal was not untimely.

12.     On March 14, 2024, Plaintiff responded to the Show Cause Order, requesting that the First Circuit refrain from taking any action pending the resolution of the motions pending before this Court.

13.     On March 7, 2024, Plaintiff filed in this Court an Objection to Mr. Vickrey's Motion to Strike Notice of Appeal, as well as a Motion to Extend the deadline to file Plaintiff's Notice of Appeal.

14.     In these filings, counsel for Plaintiff claimed that he experienced internet connectivity issues on February 21, 2024, which purportedly prevented counsel for Plaintiff from timely filing his Notice of Appeal by midnight on February 21, 2024.

15.     This was the first time that I ever learned of Plaintiff's counsel's alleged internet connectivity issues when attempting to file Plaintiff's Notice of Appeal.

16.     Counsel for Plaintiff never contacted me at any time prior to or following the February 21, 2024 deadline to report his internet connectivity issues and request an extension of the deadline to file a Notice of Appeal.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF MARCH 2024.

_____/s/ Brian A. Suslak_____

Brian A. Suslak

103471616