# United States Court of Appeals
## For the First Circuit

_____

No. 24-1187

ROBERT F. KENNEDY, JR.,

Plaintiff - Appellant,

v.

DAVID VICKREY,

Defendant - Appellee.

_____

Before

Rikelman, Kayatta, and Aframe,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: July 23, 2025

     This court entered an order to show cause ("OSC") directing Plaintiff-Appellant Robert F. Kennedy, Jr., to show cause why this appeal should not be dismissed as untimely when the operative notice of appeal had been filed on the thirty-first day following entry of final judgment in the underlying district court matter. <u>See generally</u> Fed. R. App. P. 4(a). Kennedy filed a response that echoed the arguments set out in a Rule 4(a)(5)(A)(ii) extension motion then pending before the district court. Following the district court's denial of that extension motion, Kennedy did not seek leave to amend or supplement his OSC response.

     With the arguments echoed in the OSC response, Kennedy did not dispute that the operative notice of appeal had been filed on the thirty-first day following entry of judgment. Instead, he contended that the lateness should be excused because non-specific internet connectivity issues and California-based counsel's lack of knowledge of relevant local rules had constituted "excusable neglect" for purposes of Rule 4(a)(5)(A)(ii).

     We assume, favorably to Kennedy, that (1) the matter is properly before this court, despite the district court's entry of an order purporting to strike the operative notice of appeal, and that (2) each of the arguments and points set out in the OSC response is properly before the court, despite

the fact that Kennedy did not file a new or amended notice of appeal following the district court's denial of his Rule 4(a)(5)(A)(ii) extension motion.

Kennedy, as the party invoking this court's jurisdiction, bears the burden to demonstrate the existence of that jurisdiction, and, once the court has flagged a potential jurisdictional issue, as it did with the OSC entered in this case, the court generally will consider only the specific arguments raised in response. See U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 (1st Cir. 2009) (explaining that party invoking appellate jurisdiction bears burden of establishing that appellate jurisdiction exists); see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction.").

Here, this means that the court will consider Kennedy's arguments that the untimely filing was a product of factors qualifying as Rule 4(a)(5)(A)(ii) "excusable neglect." As alluded to above, the district court concluded that the factors identified by Kennedy did not qualify as "excusable neglect" when denying Kennedy's extension motion. This court generally applies de novo review to a district court's interpretation of Rule 4(a)(5) but applies abuse-of-discretion review to the discretionary aspects of a district court's decision to grant or deny an extension requested under the rule. See Graphic Commc'ns Int'l Union, Loc. 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 3-4 (1st Cir. 2001). We see no reason why this standard of review should not be applied here, despite the absence of a new or amended notice of appeal targeting the district court's denial of the extension motion, particularly where Kennedy placed the exact same arguments before each court by way of the cross-references in his OSC response.

Having carefully considered the arguments actually offered by Kennedy via the OSC response, we conclude that the district court neither erred nor abused its discretion in concluding that Kennedy's proffered justifications for the late filing were insufficient to establish "excusable neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993) (factors to be considered when evaluating claim of "excusable neglect"); Tubens v. Doe, 976 F.3d 101, 106 (1st Cir. 2020) (reason for delay is most critical Pioneer factor). We note that we would arrive at the same conclusion even if the district court had not already passed on the arguments set out in the OSC response.

Therefore, this appeal is dismissed as untimely. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Dismissed. See 1st Cir. Local R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc: Robert E. Barnes, Brian A. Suslak